**BLANCHARD SECURITIES CO. a New Jersey Limited Liability Company,**

v.

**RAHWAY VALLEY RAILROAD COM-PANY, a New Jersey Corporation; Delaware Ostego Corporation, a New York Corporation; Morristown & Erie Railway Inc. a New Jersey Corporation; John F. Lettiere, Jr., Commissioner of the New Jersey Department of Transportation, individually and in his official capacity; New Jersey Department of Transportation; County of Union; Board of Chosen Freeholders of the County of Union, individually and in their official capacity.**

**Blanchard Securities Company, Appellant.**

No. 05–1263.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 20, 2006.

Opinion filed June 30, 2006.

---

Arthur L. Raynes, Wiley, Malehorn & Sirota, Morristown, NJ, for Blanchard Securities Company.

John K. Fiorilla, Capehart & Scatchard, Mount Laurel, NJ, for Morristown & Erie Railway Inc.

Laura M. Eytan, Office of Attorney General of New Jersey Department of Law & Public Safety, Trenton, NJ, for John F. Lettiere, Jr., New Jersey Department of Transportation.

Alexander W. Booth, Jr., Brownstein, Booth & Barry, Union City, NJ, for County of Union, Board of Chosen Freeholders of the County of Union.

Before: SLOVITER and AMBRO, Circuit Judges, and DuBOIS,* District Judge.

## OPINION

AMBRO, Circuit Judge.

Blanchard Securities Company LLC wishes to stop a railroad from entering onto a railroad right-of-way over which Blanchard has an easement. The District Court dismissed all of Blanchard's claims by an order explained in a comprehensive and well-reasoned opinion. We affirm for essentially the reasons given by the Court.

## I. Factual Background and Procedural History

As we are writing here solely for the parties, we provide only a brief summary of the relevant facts.

Blanchard owned property on both sides of a railroad right-of-way in the Township of Springfield, New Jersey. In 1989, the railroad, Rahway Valley Railroad Company, sold some of its property to Blanchard. Rahway gave Blanchard an option to purchase the railroad right-of-way after Rahway had abandoned it, but until the abandonment and purchase occurred, Rahway gave Blanchard an easement over that portion of the property.

But in 2000 the New Jersey Department of Transportation (after buying the right-of-way from Rahway in 1995) agreed to let Union County, New Jersey, reactivate the right-of-way. In 2002, Union County entered into an agreement with Morristown & Erie Railway to restore freight service over that right-of-way.

In June 2004, Blanchard sued to stop these actions in the District of New Jersey. Six months later, the District Court dismissed Blanchard's claims, and it now appeals to our Court.

## II. Jurisdiction and Standard of Review

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 because Blanchard brought a claim under 42 U.S.C. § 1983. As the order appealed from was final, we have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over a District Court's dismissal for failure to state a claim, applying the same test as the District Court. *Fagin v. Gilmartin,* 432 F.3d

---

* Honorable Jan E. DuBois, Senior District Judge for the Eastern District of Pennsylva-  nia, sitting by designation.

276, 281 (3d Cir.2005). Thus, "we must accept as true the facts alleged in the complaint and view them in the light most favorable to [Blanchard]." *Id.*

We review the District Court's decision to exercise supplemental jurisdiction over Blanchard's state law claims for an abuse of discretion. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "[F]or us to find an abuse of discretion the District Court's decision must rest on a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Will v. Nw. Univ. (In re Nutraquest, Inc.),* 434 F.3d 639, 645 (3d Cir.2006) (internal quotation marks omitted).

### III.  Discussion

#### A.

■ Blanchard argues that the District Court erred in finding several of its state-law claims preempted by the ICC Termination Act of 1995, 49 U.S.C. § 10101 *et seq.* It contends that *Township of Woodbridge v. Consolidated Rail Corp.,* STB Docket No. 42053, 2000 WL 1771044 (S.T.B. served Dec. 1, 2000), stands for the proposition that, when a carrier voluntarily contracts with another party to limit its rights, the Act's preemption no longer applies. The question decided in *Woodbridge* was whether a federal court could enforce a private settlement agreement (as clarified in a consent order) between a railroad and a town to limit the noise emitted from a railroad's idling rail cars. In deciding that the answer was yes (and thus an exception to preemption), the Surface Transportation Board ("STB") explained that "state and local regulation [including regulation by a federal court] is permissible when it does not interfere with interstate rail operations." *Id.* at *3. Basing its conclusion on the rail carrier's will-

ingness to enter into the private agreement, the STB decided that federal court enforcement of the consent order at issue would not "unreasonably interfere" with interstate rail operations. *Id.* The STB also noted that the rail carrier "has not shown that enforcement of its commitments would unreasonably interfere with the railroad's operations." *Id.*

We do not believe that the rationale for avoiding preemption in *Woodbridge* is applicable here. The private agreement between Rahway and Blanchard does not reflect any determination that the obligations under the agreement would not unreasonably interfere with interstate rail operations at the present time. To the contrary, at the time of the transaction, Rahway intended to abandon the railroad right-of-way and included in the agreement with Blanchard an option to purchase the property. That stands in sharp contrast to defendants' intention to restore freight service over the right-of-way. Because Blanchard has alleged that any use of the railroad right-of-way is a "taking" of its easements and has sought injunctive relief, enforcement of defendants' obligations unquestionably would interfere with interstate commerce.

#### B.

■ We also agree with the District Court that Blanchard has failed to state a § 1983 claim upon which relief can be granted. Blanchard does not allege in its complaint that the defendants have prevented, or intend to prevent, it from using its easements. And it cannot be that the defendants will impermissibly interfere with Blanchard's easements every time they use the railroad tracks. If that were so, no owner of a servient estate would be able to use its property. *Cf. Louis W. Epstein Family P'ship v. Kmart Corp.,* 13 F.3d 762, 766 (3d Cir.1994) (noting that the

owner of a servient estate can use it as long as that use "does not 'substantially interfere' with the easement's purpose").

■ Moreover, even if there were to be interference with Blanchard's easement, we agree with the District Court that Blanchard's claim was not yet ripe, for Blanchard was only concerned that the defendants' use of the servient estate *might* prevent its use of the easement. *See Peachlum v. City of York,* 333 F.3d 429, 434 (3d Cir.2003).[1]

### C.

■ Blanchard also argues that the District Court should not have exercised supplemental jurisdiction over its preempted state-law claims because the Court dismissed its § 1983 claim. We think otherwise, as we believe the District Court acted properly. The state-law claims were based on the same allegations as the § 1983 claim and requested similar relief. And, importantly, preemption was at issue. *See Gibbs,* 383 U.S. at 727, 86 S.Ct. 1130 (discussing the discretionary doctrine of pendent—now supplemental—jurisdiction, and noting that, while "the federal doctrine of pre-emption ... does not create statutory federal question jurisdiction, its existence is relevant to the exercise of discretion" (citation omitted)). Thus, the Court's exercise of jurisdiction was not an abuse of its discretion.

\* \* \* \* \*

Little else we write would add to the District Court's reasoning. We thus affirm.

---

**1.** Because we agree with the District Court's holding, we do not necessarily agree with Blanchard that the Court should have retained jurisdiction over the case while Blanchard pursued its state claims.